IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| PROGRESSIVE GULF INSURANCE COMPANY, | ) ) ) | C.A. No. 13C-07-038 JTV |
| Respondent-below Appellant, | ) ) ) | |
| v. | ) ) | |
| HARRY L. DOUGHTY, | ) ) | |
| Petitioner-below Appellee. | ) ) ) | |

Submitted: *March 21, 2014*
Decided: *June 24, 2014*

Dennis A. Mason, II, Esq., Mintzer, Sarowitz, Zeris, Ledva & Meyers, Wilmington, Delaware. Attorney for Appellant.

*Upon Consideration of Appellant's*
*Appeal From Decision of the*
*Delaware Insurance Department*
*Automobile Arbitration Panel*
**REVERSED**

**VAUGHN, President Judge**

## OPINION

This is an insurance coverage dispute between the plaintiff, Progressive Gulf Insurance Company and the defendant, Harry Doughty, who seeks damages for the diminished value of his motor vehicle which was repaired after a collision. The Delaware Insurance Department Automobile Arbitration Panel (the "Panel") resolved this matter in favor of Doughty, awarding him $7,979.31 (the "Award"). On July 29, 2013, Progressive Gulf filed an appeal in this Court for a *de novo* review of the Panel's decision.

## FACTUAL BACKGROUND

On September 15, 2011, Emmett Howard's car struck John Cassidy's car which then struck Doughty's car during an accident on Route 13. Doughty was insured through United Services Automobile Association and Emmett Howard was insured though Progressive Gulf.

On April 30, 2013, Doughty filed a Request for Automobile Arbitration with the Panel. Doughty filed his claim against Progressive Gulf, Emmett Howard's insurance company. On June 20, 2013, the Panel heard Doughty's request for compensation for lost value, including the diminished value of his car as a result of the September 15, 2011 accident. At the arbitration Progressive Gulf was represented by Lauren Green, a claims representative and Doughty represented himself, *pro se*. The Panel found in favor of Doughty and awarded him $7,979.31 for the diminished value to his repaired car.

On July 29, 2013, Progressive Gulf filed the instant appeal with this Court alleging that the Panel did not have jurisdiction over the matter and that the Panel's

2

decision constituted legal error and was based on erroneous facts. On October 4, 2013, Doughty filed a Complaint with this Court seeking damages and enforcement of the Panel's Award. On October 29, 2013, Progressive Gulf moved to dismiss Doughty's complaint. Progressive Gulf argues that Doughty's claim should have been denied at the administrative level since *Del. Dep't of Ins. Reg.* 901(4.1.4) expressly excludes out-of-state claims. Additionally, Progressive Gulf contends that Doughty's diminished value claim is not authorized by statute or permitted by law, and, thus, not permitted as a requested form of relief.

## DISCUSSION

21 *Del. C.* §2118(j) states in pertinent part:

> Every insurance policy issued under this section shall require the insurer to submit to arbitration, in the manner set forth hereinafter, any claims for losses or damages within the coverages required under paragraph (a)(2) of this section and for damages to a motor vehicle, including the insured motor vehicle, including loss of use of such vehicle, upon request of the party claiming to have suffered a loss or damages within the above-described coverages of paragraph (a)(2) of this section or to such motor vehicle.

To implement and enforce this statute, the Insurance Commissioner promulgated Regulation 901 which established procedures for the arbitrations described within 21 *Del. C.* §2118. Regulation 901(4) describes the claims that are excluded from arbitration and specifically excludes "[c]laims that arise under an insurance policy from a jurisdiction other than Delaware" at Regulation 901(4.1.4).

I find that Doughty's claim arises from an insurance policy between Emmett

Howard and Progressive Gulf, an insurance policy issued in Virginia to a Virginia resident, whose vehicle was registered in Virginia. Although the accident took place in Delaware, Regulation 901(4.1.4) expressly excludes the Panel from arbitrating any claim involving an out-of-state insurance policy, even a claim arising out of an accident that took place in Delaware. Since the claim in question arose under an insurance policy issued in Virginia, I conclude that the Panel did not have the necessary jurisdiction to arbitrate the claim.[1]

## CONCLUSION

Based on the foregoing, this Court concludes that the Panel did not have jurisdiction to arbitrate Doughty's claims against Progressive Gulf. Accordingly, the Panel's decision is *reversed*.

**IT IS SO ORDERED.**


    /s/   James T. Vaughn, Jr.
               President Judge

oc:   Prothonotary
cc:   Order Distribution
       File

---

[1] Because I concluded that the Panel did not have jurisdiction to arbitrate Doughty's claim against Progressive Gulf, I express no opinion the validity of Doughty's diminished value claim.